BREARCLIFFE, Judge, concurring in part and dissenting in part:
¶ 37 I concur in the opinion in all respects other than its conclusion that the excluded brain damage evidence was admissible to negate the mens rea of premeditation. Because the Arizona Supreme Court, in State v. Mott , 187 Ariz. 536, 931 P.2d 1046 (1997), clearly instructs all lower courts that such mental defect evidence is not admissible for such a purpose, I cannot join the opinion as a whole.
¶ 38 It appears to be undisputed that Malone's "significant and permanent diffuse brain damage" is a mental defect or disorder. It is undisputed that Malone sought to introduce it to prove his character trait for impulsivity. It is undisputed that Malone offered his character trait for impulsivity to negate premeditation. It is further undisputed that premeditation is a mens rea element of the crime of first-degree murder of which Malone was charged. See A.R.S. § 13-1105(A)(1) ; State v. Boyston , 231 Ariz. 539, ¶ 50, 298 P.3d 887 (2013) (premeditation part of requisite mens rea of first-degree murder). It is therefore undisputed that Malone sought to introduce evidence of his mental defect or disorder to negate the mens rea element of a crime. Under Mott , such evidence is simply inadmissible.
¶ 39 Our supreme court recognized that the legislature, not the courts, sets the standard for criminal responsibility:
this court considered and rejected the defense of diminished capacity ... the legislature is responsible for promulgating the criminal law and that it "has not recognized a disease or defect of mind in which volition does not exist ... as a defense to a prosecution for [a crime.]" ... [T]his Court does not have the authority to adopt the diminished capacity defense.
Because the legislature has not provided for a diminished capacity defense, we have since consistently refused to allow psychiatric testimony to negate specific intent. Instead, the legislature has provided the M'Naghten test "as the sole standard for criminal responsibility."
Mott , 187 Ariz. at 541, 931 P.2d at 1051 (internal citations omitted). The court then recited the M'Naghten test as then stated in A.R.S. § 13-502(A).[6] Id . And, because the legislature had clearly adopted that test for *601 determining criminal responsibility to the exclusion of others, such as the diminished capacity defense, the court stated, "Consequently, Arizona does not allow evidence of a defendant's mental disorder short of insanity either as an affirmative defense or to negate the mens rea element of a crime." Id . Today's opinion, however, defies Mott by stating that evidence of Malone's brain defect or disorder should have been admitted to negate the mens rea of premeditation required for the crime of first-degree murder.
¶ 40 This opinion not only defies the clear proscriptions in Mott , it ignores the supreme court's clear distinctions between permissible evidence to show a character trait for impulsivity and impermissible evidence for such a purpose laid out just three years ago in State v. Leteve , 237 Ariz. 516, 354 P.3d 393 (2015). The court, after restating the holding in Mott barring the affirmative defense of diminished capacity, stated:
We have, however, allowed a defendant to offer "evidence about his behavioral tendencies" to show "that he possessed a character trait of acting reflexively in response to stress." Such evidence has been termed "observation evidence" by the United States Supreme Court. That Court distinguished "observation evidence" from "mental-disease evidence," which is "opinion testimony that [the defendant] suffered from a mental disease with features described by the witness," and "capacity evidence" which concerns a defendant's "capacity to form mens rea ," both of which are prohibited by Arizona law.
Id. ¶ 21 (internal citation omitted). Here, evidence of Malone's "significant permanent and diffuse brain damage" is physical evidence of a brain defect or disorder, it is not observation evidence. Such evidence is that of a physiological anomaly, not evidence of a behavioral tendency. Whether or not such brain damage is commonly found in people suffering from a character trait for impulsivity, the evidence itself is fundamentally either "mental disease evidence" or "capacity evidence," each of which, as the supreme court repeats for us, is prohibited by Arizona law.
¶ 41 If the reasoning of this opinion in this regard evades supreme court review or survives it, as a practical matter, there will be little left of Mott and not much left of M'Naghten . Every defendant who could not successfully meet the M'Naghten standard to evade criminal responsibility will now offer evidence of any brain defect or disorder as "consistent" with or to bolster some otherwise admissible character trait evidence. Under the majority's reasoning it will be a denial of the defendant's right "to put on a complete defense" and error not to admit such evidence. The opinion here does not help Malone given the lack of a showing of prejudice. However, if future juries can now consider brain defect evidence for the improper purpose of negating mens rea of premeditation for first-degree murder, what will stop them from considering it for guilt itself? After all, the defendant can't help himself, he has brain damage. Unless the reasoning of the opinion is checked, the danger identified in Mott will be realized: future juries will be compelled to "release[ ] upon society many dangerous criminals who obviously should be placed under confinement." Mott , 187 Ariz. at 545, 931 P.2d at 1055, quoting Schantz , 98 Ariz. at 213, 403 P.2d 521.
¶ 42 For the foregoing reasons, I cannot join with the majority in deeming the evidence of Malone's brain defect admissible to negate premeditation.

The statute has since been amended but in a manner immaterial to this opinion.